Eastern District of Kentucky
**FILED**
JAN 10 2020
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:19-CR-161-DCR

UNITED STATES OF AMERICA                                    PLAINTIFF

V.                          **PLEA AGREEMENT**

DAVID L. CARLIN, II                                          DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea Count 1 of the Indictment charging a violation of 18 U.S.C. § 922(g)(1), possession of a firearm by a convicted felon. Pursuant to Rule 11(c)(1)(A), the United States will move at sentencing to dismiss Count 2 and 3.

2. The essential elements of the sole count of the Indictment are:

    (a) That the defendant knew he had been convicted of a crime punishable by imprisonment for more than one year;

    (b) That the defendant, following the conviction, knowingly possessed a firearm; and

    (c) That the firearm crossed a state line prior to the alleged possession.

3. As to Count 1 of the Indictment, the United States could prove the following facts that establish the essential elements of the offenses beyond a reasonable doubt, and the Defendant admits these facts:

    (a) In the early morning hours of August 7, 2019, officers with the Lexington Police responded to a residence in reference to an unconscious person.

1

Upon arrival, officers and EMT's located an unresponsive individual, later identified as David L. Carlin, II. Officers and emergency personnel were able to revive Carlin. During the response, officers observed paraphernalia and firearms. Due to the safety nature of the call, the firearms were made safe and left in the residence.

(b)   Later on August 7, 2019, a search warrant was obtained for the residence. Officers arrived at the residence and made contact with Carlin's mother. Carlin was uncooperative and barricaded himself in the residence.

(c)   After several hours, officers were able to make entry into the residence and placed Carlin under arrest. During a search of the residence officers located a number of firearms. In Carlin's bedroom officers located: a loaded Phoenix Arms, Model Raven, .25 caliber pistol, bearing serial number 3214093; a Winchester, Model 37, 12 gauge caliber shotgun, bearing no serial number; and a Midland Gun Co. Ltd., Model 1125, 12 gauge caliber shotgun, sawed off at the stock and barrel, bearing serial number 8712553. In the basement, officers located: a Colt, Model 1911A1 Compact, 45 caliber pistol, bearing serial number CP31215; a loaded American Tactical, Model Omni Hybrid, 5.56 caliber pistol, bearing serial number NS190333; and a loaded Bushmaster, Model Carbon 15, 5.56 caliber rifle, bearing serial number BK3033861.

(d)   Upon receiving additional information, officers obtained a search warrant for a 2003 Chevrolet Tahoe and located a Smith & Wesson, Model unknown, .38 caliber revolver, bearing serial number K117021 and a Norinco, Model MAK 90, 7.62 x 39 caliber rifle, serial number 9304502. Officers determined that these firearms were in Carlin's possession prior to the execution of the search warrant.

(e)   ATF identified the firearms and confirmed that prior to Carlin's possession, the firearms traveled through interstate commerce.

(f)   Carlin was convicted of Trafficking in a Controlled Substance First Degree, a felony offense punishable by imprisonment for a term exceeding one year, by the Fayette Circuit Court, case number 12-CR-1320, in March 2013. Carlin was also convicted of Assault Second Degree, by the Fayette Circuit Court, case number 98-CR-396, in February 1999.

4.   The statutory punishment Count 1 of the Indictment is imprisonment for not more than 10 years, a fine of not more than $250,000, and a term of supervised release of

not more than 3 years. A mandatory special assessment of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5.  Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

> (a)  The United States Sentencing Guidelines (U.S.S.G.) in effect at the time of sentencing will determine the Defendant's guidelines range.
>
> (b)  Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes the facts set forth in paragraph 3 and all provided discovery materials.
>
> (c)  Pursuant to USSG § 2K2.1(a)(2), the base offense level is 24 because the offense was committed subsequent to sustaining at least 2 felony convictions for a crime of violence or a controlled substance offense.
>
> (d)  Pursuant USSG § 2K2.1(b)(1)(B), the offense level is increased by 4 levels because the offense involved at least 8 but less than 24 firearms.
>
> (e)  Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty which shall occur no later than December 20, 2019.

6.  The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K.

7.  The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal any determination made by the Court at sentencing with the sole exception that the Defendant may appeal any aspect of the sentence if the

3

length of the term of imprisonment exceeds the advisory sentencing guidelines range as determined by the Court at sentencing. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

8. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary for this forfeiture. The Defendant agrees that this property is subject to forfeiture because the United States could prove by a preponderance of the evidence that a nexus exists between the property and criminal conduct. Defendant waives any and all provisions set forth in Rule 32.2 regarding the timing of forfeiture orders.

9. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in

connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

10. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

11. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

12. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

13. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

14. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

Date: 1/10/20

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

By: _____
Cynthia T. Rieker
Assistant United States Attorney

Date: 1-10/20

_____
David L. Carlin, II
Defendant

Date: 1-10-20

_____
Benjamin Hicks
Attorney for Defendant